Filed 5/28/25  P. v. Bahena-Bahena CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO BAHENA-BAHENA,<br><br>    Defendant and Appellant. | D084835<br><br><br>(Super. Ct. No. SCD300901) |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Antonio Bahena-Bahena of oral copulation of an intoxicated person (Pen. Code, § 287, subd. (i); count 1) and an unconscious person (§ 287(f); count 2).  Appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating he found no arguable issues for reversal on appeal.

Counsel asks us to review the record for error as *Wende* requires. We offered Bahena-Bahena the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues. We thus affirm.

## I.

### A.

John Doe and Bahena-Bahena met in a store. Bahena-Bahena asked for Doe's cell phone number, and Doe, who did not have any friends in San Diego, gave it to him. After chatting for several weeks, they met several times in person. They would talk, drink, smoke marijuana, and listen to music in Bahena-Bahena's car or truck.

During their first meeting, Bahena-Bahena asked Doe if he liked men. Doe said "no," he "wasn't gay," and that he "was going out with a woman." According to Doe, Bahena-Bahena thanked Doe for letting him know and told Doe he was gay.

According to Bahena-Bahena, he nonetheless thought Doe might be interested in something more than friendship because Doe would do things like touch Bahena-Bahena's hair and say that he "'like[d]'" and "'appreciate[d]'" him.

### B.

According to Doe, he mentioned to Bahena-Bahena that his "birthday was coming up," and Bahena-Bahena invited Doe to meet so he would not be alone. According to Bahena-Bahena, Doe asked him to spend time with him on his birthday.

Either way, Bahena-Bahena picked up Doe the evening before Doe's birthday. As usual, they drank, smoked marijuana, chatted, and listened to music in Bahena-Bahena's car. Between the two of them, they consumed

approximately 40 beers over the course of the night. Bahena-Bahena claimed they also drank tequila.

By 5:00 a.m., Doe felt "very dizzy and very sleepy" and had difficulty staying awake. On a scale of 1 to 10, he described his level of intoxication as a 9. On the same scale, Bahena-Bahena claimed to be at 9.5.

According to Doe, at one point, he awoke to something tickling his upper lip. When he opened his eyes, he saw Bahena-Bahena move quickly away from him. Doe asked him, "What did you do," and Bahena-Bahena swore he "didn't do anything."

Doe fell back asleep. He awoke to the sensation of "something wet," which he identified as Bahena-Bahena's mouth, on his penis. He then felt Bahena-Bahena "pulling" on his penis "with his hand." Doe opened his eyes and saw Bahena-Bahena "removing his mouth from [Doe's] penis" before going back to his seat. Doe looked down and saw his zipper and underwear were pulled down and "[e]verything there was damp." There was "visc[o]us" fluid on his penis.

Doe left.

## C.

Doe went home and fell asleep. When he awoke, he had no recollection of what had happened over the course of the prior evening. After going on a date with the woman he was seeing, Doe went home and began looking at photographs and videos on his cell phone.

Doe found videos that reminded him of what Bahena-Bahena had done. In one video, Bahena-Bahena tried to kiss Doe. Another showed Bahena-Bahena's head moving up and down in the region of Doe's crotch.

Doe called the police; he eventually went to a police station and sent the videos he had taken to a detective.

While at the station, Doe participated in a "controlled call" with Bahena-Bahena to discuss the incident while the detective listened. During the call, Bahena-Bahena apologized profusely to Doe and admitted giving Doe oral sex "a little bit" and "graz[ing]" Doe's penis with his lips. Bahena-Bahena then backtracked, stating, "I didn't give you oral sex." Bahena-Bahena also acknowledged that Doe was "asleep" and "woke up" to Bahena-Bahena touching his penis.

Bahena-Bahena was arrested and charged with the two offenses of which he eventually was found guilty.

D.

At trial, the People presented Doe's testimony, Doe's videos, and the audio recording of the controlled call.

Bahena-Bahena introduced the testimony of a forensic toxicologist, who explained the effects of consuming alcohol and marijuana on a person and their consciousness. Bahena-Bahena also testified on his own behalf. He claimed Doe was conscious and awake, Doe was making sexually inviting movements, and he could not remember if his mouth ever touched Doe's penis.

The jury found Bahena-Bahena guilty of both counts. The court sentenced Bahena-Bahena to the low term of three years in prison for count 1 and imposed and stayed the same sentence on count 2.

II.

Bahena-Bahena's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking this court to independently review the record for error. To assist the court in its review under *Anders*, 386 U.S. at pp. 744-745, counsel identified the following issue he considered in evaluating the potential merits of this appeal: "Did the trial

4

court err by not instructing sua sponte on battery as a lesser-included offense of [oral copulation] of an unconscious or intoxicated person?" Here, the instruction was unwarranted because there was not substantial evidence from which a jury could conclude Bahena-Bahena was guilty of only battery rather than the greater offenses of oral copulation of an intoxicated or unconscious person. (Contra, *People v. Miranda* (2021) 62 Cal.App.5th 162, 176-178.)

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal. Competent counsel has represented Bahena-Bahena on this appeal.

III.

We affirm the judgment.


CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DO, J.

5